LAKE VIEW SCHOOL DISTRICT NO. 25 of Phillips County, Arkansas, *et al. v.* GOVERNOR MIKE HUCKABEE, *et al.*

01-836                                          139 S.W.3d 809

Supreme Court of Arkansas
Opinion delivered January 7, 2004

*Lewellen & Associates,* by *Roy C. Lewellen,* for appellants.

No response.

PER CURIAM. Lake View School District No. 25 *et al.* has filed a Motion for Writ of Prohibition, Injunctive Relief, Escrow of Public Funds, and Motion for Contempt. The mandate in this case was dated and issued January 1, 2004.

We direct the parties in this case to file responses and simultaneous briefs by Thursday, January 15, 2004. We will hear oral arguments on this matter, twenty minutes to a side, on Thursday, January 22, 2004. We further direct that the issues to be briefed and argued should include:

(1) the jurisdiction of this court to hear the matter;

(2) compliance with this court's opinion in *Lake View Sch. Dist. No. 25 v. Huckabee,* 351 Ark. 31, 91 S.W.3d 472 (2002); and

(3) the propriety of the relief requested.

GLAZE and CORBIN, JJ., concur.

IMBER, J., not participating.

Tom Glaze, Justice, concurring. I concur in this court's decision to set a prompt hearing to consider if it has jurisdiction to further consider the court's decision rendered on November 21, 2002. *See Lake View Sch. Dist. #25 v. Huckabee,* 351 Ark. 31, 91 S.W.3d 472 (2002). This litigation enters its eleventh year, and the constitutional issue concerning Arkansas' school-funding system has still not been put to rest.

In earlier dissents, I pointed out that the trial court and this court mistakenly held their decisions in abeyance, so as to prevent their decisions from being enforced. The courts simply had no authority to stay their rulings. Justice George Rose Smith, writing for this court in *City of Hot Springs v. Creviston,* 288 Ark. 286, 705 S.W.2d 415 (1986) (supp. op. denying reh'g), stated best as follows:

> Ever since *Marbury v. Madison,* 1 Cranch 137, was decided in 1803, the Supreme Court has had the responsibility of interpreting the United States Constitution and the state courts that of interpreting the state constitutions. But the judicial authority does not extend beyond interpretation. *The courts do not have the power to hold a constitutional mandate in abeyance; they should not have that power.*

*Creviston,* 288 Ark. at 293-C (emphasis added); *see also Hutton v. Savage,* 298 Ark. 256, 769 S.W.2d 394 (1989) (court does not have the power to hold a constitutional mandate in abeyance).

It now is being suggested that another class action lawsuit must be filed so as to determine if the General Assembly has performed its constitutional duty to bring the Arkansas school-funding system into compliance with our State Constitution. Although the constitutional issue concerning our schools could have (and should have) ended long before now, this court should recall its mandate in order to take whatever action it must to bring this case to completion. It appears to me that this court is placed in a position of having either to appoint a master to consider any factual issues regarding compliance or to send the case to the trial court to resolve any factual determinations. Whatever action this court does take must assure this case is expedited. To allow the filing of a new action can only cause more costs and huge attorneys' fees, which would be better spent in funding our school system.

This court, in the case of *DuPree v. Alma School Dist. No. 30*, 279 Ark. 840, 651 S.W.2d 90 (1983), made it clear that it is the General Assembly's duty, by virtue of institutional competency, as well as constitutional function, to assure the Arkansas school system meets constitutional standards. If that Body has failed to do so, it then will be incumbent on the judicial branch to act and choose whatever remedy the court can utilize to assure constitutional compliance.

CORBIN, J., joins this concurring opinion.